UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHALE JULIAN JEWEL, et al.

    Plaintiffs,

vs.

COUNTY OF MACOMB, et al.,

    Defendants.
_____/

No. 17-cv-13063

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANT RENE ANTONIAN'S AMENDED MOTION FOR SUMMARY JUDGMENT (Dkt. 37)**

Defendant Rene Antonian, a Detective Sergeant for the Michigan State Police, seeks summary judgment on claims brought by Plaintiffs Michale and Dorrinus Jewel.[1] Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the Court finds that Antonian is entitled to summary judgment on Plaintiffs' federal claims and, therefore, dismisses those claims with prejudice. Because the dismissal of these federal claims means that this case no longer retains a federal character, the Court dismisses Plaintiffs' state-law claim without prejudice and denies those portions of Antonian's motion challenging the state-law claim without prejudice.

### I.     BACKGROUND

---

[1] Antonian was formerly known as Rene Welch, Antonian Aff., Ex. A to Def. Mot. (Dkt. 37-2), and is identified as "Detective Welch" on the Court's docket.

1

Plaintiff Michale Jewel was pulled over by Warren police on September 16, 2015. Def. Statement of Material Facts ("SMF"), ¶ 3 (Dkt. 37); Am. Compl. ¶ 11 (Dkt. 9). According to the allegations in the amended complaint, the police were surveilling an individual known as "Smoke," but lost Smoke and pulled over Jewel instead. Am. Compl. ¶¶ 11-14. Several months later, Jewel received a notice in the mail that he had a criminal warrant outstanding. Id. ¶ 16. Jewel was charged in the 39th and 40th District Courts with delivery and manufacture of cocaine, heroin or another narcotic less than fifty grams, though it is undisputed that he did not commit those crimes. SMF ¶ 3; Am. Compl. ¶¶ 16-17.

Jewel was arraigned on January 5, 2016, and released on bond. Am. Compl. ¶ 17. Following a hearing on March 11, 2016, charges against Jewel in both courts were dismissed. Id. ¶ 23. Detective Dubois, who was dismissed as a Defendant in this case, was the lead officer in the case who sought the arrest warrant and charges for Jewel. SMF ¶ 6; Antonian Aff., Ex. A to Def. Mot., ¶ 3 (Dkt. 37-2).

Antonian did not have any contact with Jewel until the court hearing. Antonian Aff. ¶ 4; Jewel Dep., Ex. B to Def. Mot., at 41 (Dkt. 37-3). However, Antonian is listed as the complaining witness on Jewel's felony complaint. Felony Compl., Ex. 1 to Pls. Resp. (Dkt. 40). According to Antonian, this is because she was a supervisor with the County of Macomb Enforcement Team ("COMET") in September 2015, and it was routine practice for COMET to list the supervisor as the complaining witness. Antonian Aff. ¶¶ 2, 6. After Jewel's court hearing, Antonian requested that the charges against him be dismissed. Id. ¶ 5.

Plaintiffs filed the instant action on September 18, 2017, alleging violations of their Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and intentional infliction of

emotional distress. Defendant Antonian is the only remaining Defendant in this case and now moves for summary judgment.

## II. STANDARD OF REVIEW

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the movant satisfies its initial burden of demonstrating the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact. Scott, 550 U.S. at 380; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," Scott, 550 U.S. at 380 (quoting Matsushita, 475 U.S. at 586), as the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," id. (quoting Anderson, 477 U.S. at 247-248) (emphasis in original); see also Babcock & Wilcox Co. v. Cormetech, Inc., 848 F.3d 754, 758 (6th Cir. 2017) ("A mere scintilla of evidence or some metaphysical doubt as to a material fact is insufficient to forestall summary judgment.").

### III.   ANALYSIS

**A. Federal Claims**

The Court will first address Jewel's federal claims, brought under 42 U.S.C. § 1983.[2]  To prevail on a claim pursuant to § 1983, a plaintiff must prove that "(1) the defendant was a person acting under the color of state law, and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Fridley v. Horrighs, 291 F.3d 867, 871-872 (6th Cir. 2002).  Here, there is no dispute that Antonian, as a police officer, was acting under the color of state law.  The Court must, therefore, address whether Antonian deprived Jewel of a constitutional right, and, if so, whether Antonian has a valid defense.

Antonian raises the defense of qualified immunity, which protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Barker v. Goodrich, 649 F.3d 428, 433 (6th Cir. 2011) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  "Qualified immunity 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"  Johnson v. Mosely, 790 F.3d 649, 653 (6th Cir. 2015) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).  Once a defendant raises a qualified immunity defense, the plaintiff bears the

---

[2] Antonian argues that Plaintiff Dorrinus Jewel, Michale Jewel's wife, has no standing to bring § 1983 claims.  The Court agrees.  Plaintiffs claim that she "has standing in this case as her spouse's constitutional rights were violated," Pls. Resp. at 8 (Dkt. 40), but a litigant generally "may not sue to protect the constitutional rights of a third party," Moody v. Mich. Gaming Control Bd., 847 F.3d 399, 402 (6th Cir. 2017).  A plaintiff may raise a constitutional claim on behalf of a third party if she can show, among other things, a hindrance preventing the third party from raising his own claim, id., but here there is nothing preventing Jewel from raising his own claims.  The § 1983 claims brought by Dorrinus Jewel are dismissed.

burden of demonstrating that it does not apply. Rodriguez v. Passinault, 637 F.3d 675, 689 (6th Cir. 2011).

In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry: (i) "whether the facts, '[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right[;]'" and (ii) "whether the right in question was 'clearly established' at the time of the violation." Tolan v. Cotton, 134 S. Ct. 1861, 1865-1866 (2014) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)) (alterations in Tolan). While the Court in Saucier mandated that the two steps be addressed in order, the Court in Pearson v. Callahan, 555 U.S. 223, 236 (2009), held that courts have discretion regarding which step to address first. "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." Saucier, 533 U.S. at 205.

### 1. False arrest/detention and false imprisonment

Count two of the amended complaint raises a claim for "false arrest/detention," and count three is a claim for false imprisonment. See Am. Compl. ¶¶ 31-40. Jewel alleges that he was deprived of his right to be free from false arrest/detention and from false imprisonment, respectively, both in violation of his Fourth and Fourteenth Amendment rights. Jewel does not explain in his response to the motion for summary judgment how these counts differ, or whether different facts or theories of liability apply to each. Indeed, his response to the motion to summary judgment is bare-bones and does not set forth any standard under which this Court should review his § 1983 claims. The Court sees no distinction between these claims and will analyze them under the same standard. See, e.g., Regets v. City of Plymouth, 568 F. App'x 380, 388-389 (6th Cir. 2014) (analyzing "false arrest/false imprisonment" claim); Watson v. City of Marysville,

518 F. App'x 390, 392 (6th Cir. 2013) (noting that "the existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution").

Antonian contends that she cannot be held liable because she had no personal involvement in the complained-of conduct. Def. Mot. at 4-7. She argues that Jewel has no evidence that she had any involvement in the case beyond being present at the courthouse on the day that led to the charges against Jewel being dismissed. Id. at 7. In response, Jewel argues that Antonian was the officer in charge of his case, and "it is incumbent upon the Officer in charge and within the scope of her duties, to investigate Plaintiff's reasonable assertion." Pls. Resp. at 7 (Dkt. 40). Jewel also points out that Antonian was present at his court hearing. Id.

To succeed on a claim for false arrest under § 1983, a plaintiff must prove that the police lacked probable cause to arrest him. Voyticky v. Village of Timberlake, Ohio, 412 F.3d 669, 677 (6th Cir. 2005). Antonian was not involved with the controlled buy of drugs that led to Jewel's arrest, did not personally arrest Jewel, and did not seek a warrant for his arrest. Antonian Aff. ¶ 3. Jewel's sole evidence regarding Antonian's involvement is the fact that she was listed as the complaining witness on his felony complaint. But Antonian has explained that it is routine practice for the supervisor to be listed as the complaining witness, Antonian Aff. ¶ 6, and Jewel offers no proof that Antonian's knowledge of what happened went beyond what she claims. Jewel maintains that Antonian failed to review or investigate his claim that the police had arrested the wrong person, but "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (quoting Salehpour v. Univ. of Tenn., 159 F.3d 199, 206 (6th Cir. 1998)). Further, Jewel

6

does not show that Antonian was ever aware of this claim before she appeared in court. Antonian, in contrast, has put forth an affidavit stating that she did not know that Jewel claimed not to have committed the offense until she appeared at his court hearing. Antonian Aff. ¶ 4.

"At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" Id. (quoting Hays v. Jefferson Cty., Ky., 668 F.2d 869, 874 (6th Cir. 1982)). There is no evidence that Antonian ever authorized or was even aware of Jewel's arrest before the court hearing. As no jury could find in Jewel's favor, summary judgment on this issue is warranted.

2. **Due process**

Jewel also argues that his right to due process under the Fourteenth Amendment was violated because Antonian failed to properly investigate the case, wrongfully charged him with felony crimes, and placed his picture on the news. Am. Compl. ¶ 27. Here again, Jewel's argument in response to the motion for summary judgment is woefully underdeveloped and relies solely on the fact that Antonian was the "officer in charge" of his case. Pls. Resp. at 6-7. Because Jewel has not articulated any theory for Antonian's liability other than the fact that she is a supervisor, this claim fails for the same reasons as the false arrest/imprisonment claim, above. See Salehpour, 159 F.3d at 206 ("[S]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. Instead the liability must be based upon active unconstitutional behavior.").

B. **State-law claim**

As stated above, Plaintiffs also brings a claim for the intentional infliction of emotional distress. Having determined that Plaintiffs' federal claims lack merit, the case does not retain a

federal character. Accordingly, pursuant to 28 U.S.C. § 1367, the Court declines to extend supplemental jurisdiction over Plaintiffs' state-law claim, count four, and dismisses it without prejudice. Brown v. Cuyahoga Cnty., 517 F. App'x 431, 436 (6th Cir. 2013) ("28 U.S.C. § 1367 allows a district judge to decline to exercise supplemental jurisdiction over state-law claims if the district court has dismissed all claims over which it has original jurisdiction." (ellipsis omitted)).

## IV. CONCLUSION

For the reasons provided, Defendant Rene Antonian's amended motion for summary judgment (Dkt. 37) is granted in part and denied in part. The federal statutory and constitutional claims are dismissed with prejudice, and the state-law claim is dismissed without prejudice.

SO ORDERED.

Dated: July 16, 2019          s/Mark A. Goldsmith  
     Detroit, Michigan          MARK A. GOLDSMITH  
                                                    United States District Judge